UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JILLIAN LINARES

      Plaintiff,

v.

ATLANTIC & PACIFIC ASSOCIATION
MANAGEMENT, INC.

      Defendant,
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, JILLIAN LINARES, by and through the undersigned counsel, and hereby sues Defendant ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC., and alleges:

### INTRODUCTION

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1).

### JURISDICTION VENUES AND PARTIES

1. This is an action for damages which amount exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of interest, attorney's fees, and costs.

2. Plaintiff JILLIAN LINARES is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. (hereinafter ATLANTIC & PACIFIC ASSOCIATION, or Defendant) is a Florida corporation, having a place of business in Dade County, Florida, where the Plaintiff worked for Defendant, and at all times material hereto the Defendant was and is engaged in interstate commerce.

4. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Dade County, within the jurisdiction of this Honorable Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. The Plaintiff JILLIAN LINARES is a 34 years old qualified female, member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act., who was employed by the Defendant. Plaintiff is a covered employee within the meaning of the FMLA.

6. The Defendant ATLANTIC & PACIFIC ASSOCIATION is a property management company. Defendant ATLANTIC & PACIFIC ASSOCIATION is engaged in an industry affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. The Defendant is a covered employer within the meaning of the FMLA.

7. The Defendant ATLANTIC & PACIFIC ASSOCIATION employed Plaintiff JILLIAN LINARES from approximately April 2013 to January 31, 2019, or 5 years plus 8 months.

8. Plaintiff was hired as a full-time Administrative Assistant, and at the time of her termination, Plaintiff was paid a salary of approximately $936.00 weekly.

9. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion. The plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

10. On or around February 2018, Plaintiff informed her Manager Karol Collins and Regional Manager Shawn Santana that she was pregnant.

11. Around June 2018, Defendant notified Plaintiff about her rights under the FMLA and requested Plaintiff to designate her maternity leave as an FMLA qualified leave.

12. Plaintiff initiated her paperwork and timely submitted her request for a qualified 12 weeks of job-protected unpaid leave for the birth of her baby.

13. Plaintiff started her qualified 12 weeks FMLA leave on October 08, 2018. Plaintiff's child was born the same day.

14. Plaintiff was scheduled to return to work on December 31, 2018.

15. On or about the first week of December, Plaintiff contacted Human Resources Representative Amanda Brandoff and informed her that she was scheduled to return to work on December 31, 2018, and that she was ready to begin working as planned. HR Amanda Brandoff Amanda Brandoff told Plaintiff that she was looking for a new position for her and that upon her return she would have a new position.

16. On or about December 17, 2018, H.R. Dorabell LNU, contacted Plaintiff and informed her that starting December 31, 2018, she was no longer employed. Plaintiff informed H.R. Dorabell LNU, that Amanda Brandoff was looking for a new position for her. H.R. Dorabell LNU stated: "keep working with Amanda Brandoff then..."

17. On December 21, 2018, Plaintiff was very concerned about her situation and she contacted Director of Condominiums Operation William Coleman, who stated that he had already a job opening for her and that he would contact H. R. Amanda Brandoff.

18. On December 26, 2018 William Coleman texted Plaintiff to request her to call him, because there was a job position available, Plaintiff called William Coleman and told him that she wanted the position. William Coleman promised to set up everything with Amanda Brandoff.

19. On December 28, 2018, Plaintiff contacted Amanda Brandoff again, this time Amanda Brandoff told Plaintiff that she was working it out.

20. Plaintiff unsuccessfully tried to get her employment back, to no avail, and on or about January 25, 2019, Plaintiff received Cobra documents. These documents put an end to the Plaintiff's hopes of being reinstated in her job and earning a living again.

21. Therefore, on or about December 31, 2018, the Plaintiff was wrongfully terminated and her rights under the provisions of the Family Medical Leave Act were violated.

22. The defendant ATLANTIC & PACIFIC ASSOCIATION is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654), and the Plaintiff was entitled to the FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. The Defendant in complete disregard of Plaintiff's rights under the Family Medical Leave Act fired Plaintiff, preventing her from obtaining the benefits of an FMLA maternity leave, and then continuing her job in her original position or in an equivalent position.

23. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in

pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

24. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

25. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act, and any other remedy, as allowable by law.

## COUNT I:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993;
## INTERFERENCE WITH FMLA RIGHTS

26. Plaintiff JILLIAN LINARES re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-25 above as if set out in full herein.

27. This is an action against corporate Defendant ATLANTIC & PACIFIC ASSOCIATION for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

28. At all times relevant and material, the Defendant ATLANTIC & PACIFIC ASSOCIATION, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant, was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

29. Plaintiff JILLIAN LINARES is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

30. The Defendant ATLANTIC & PACIFIC ASSOCIATION employed Plaintiff JILLIAN LINARES from approximately April 2013 to January 31, 2019, or 5 years plus 8 months.

31. Plaintiff was hired as a full-time Administrative Assistant, and at the time of her termination, Plaintiff was paid a salary of approximately $936.00 weekly.

32. Plaintiff had worked for ATLANTIC & PACIFIC ASSOCIATION for more than 1250 hours in the 12 months preceding her need for medical leave.

33. At all times material, Plaintiff was qualified to perform her job of Administrative Assistant within the legitimate expectations of her employer.

34. However, on or around February 2018, Plaintiff informed her Manager Karol Collins and Regional Manager Shawn Santana that she was pregnant.

35. Plaintiff initiated her paperwork and timely submitted her request for a qualified 12 weeks of job-protected unpaid leave for the birth of her baby.

36. Plaintiff started her qualified 12 weeks FMLA leave on October 08, 2018. Plaintiff's child was born the same day.

37. Plaintiff was scheduled to return to work on December 31, 2018.

38. The first week of December 2018, the Plaintiff contacted Human Resources to decide to return to her work.

39. However, effective December 31, 2018, the Plaintiff was wrongfully terminated and her rights under the provisions of the Family Medical Leave Act were violated.

40. Defendant ATLANTIC & PACIFIC ASSOCIATION is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant interfered

with Plaintiff's rights.

41. 29 U.S. CODE § 2615 states in pertinent part:

    **a) Interference with rights**
    **(1) Exercise of rights**
    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
    **(2) Discrimination**

    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

42. Plaintiff was entitled to FMLA leave. However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act fired Plaintiff, preventing her from obtaining the benefits of FMLA to give birth, take care of her baby, and then continuing her job in her original position or in any equivalent position.

43. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff substantive rights under FMLA, 29 U.S.C. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

44. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JILLIAN LINARES respectfully requests that this Honorable Court will grant judgment:

A. Finding that ATLANTIC & PACIFIC ASSOCIATION'S actions towards Plaintiff to be violative of the Plaintiff's rights under the FMLA;

B. Awarding Plaintiff JILLIAN LINARES payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff JILLIAN LINARES demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCING FMLA RIGHTS

46. Plaintiff JILLIAN LINARES re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-25 above as if set out in full herein.

47. This is an action against corporate Defendant ATLANTIC & PACIFIC ASSOCIATION for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654).

48. At all times relevant and material, the Defendant ATLANTIC & PACIFIC ASSOCIATION, is an Employer under the FMLA, as defined in 29 U.S.C. § 2611(4). Defendant, was at all-time pertinent to this Complaint, engaged in interstate commerce and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

49. Plaintiff JILLIAN LINARES is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

50. The Defendant ATLANTIC & PACIFIC ASSOCIATION employed Plaintiff JILLIAN LINARES from approximately April 2013 to January 31, 2019, or 5 years plus 8 months.

51. Plaintiff was hired as a full-time Administrative Assistant, and at the time of her termination, Plaintiff was paid a salary of approximately $936.00 weekly.

52. Plaintiff had worked for ATLANTIC & PACIFIC ASSOCIATION for more than 1250 hours in the 12 months preceding her need for medical leave.

53. At all times material, Plaintiff was qualified to perform her job of Administrative Assistant within the legitimate expectations of her employer.

54. However, on or around February 2018, Plaintiff informed her Manager Karol Collins and Regional Manager Shawn Santana that she was pregnant.

55. Plaintiff engaged in statutorily protected conduct by requesting FMLA leave.

56. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

57. There is a causal link between Plaintiff's protected activity and the adverse action.

58. Plaintiff was wrongfully terminated from her position in retaliation for exercising her rights under the Act thereby adversely affecting Plaintiff.

59. Defendant ATLANTIC & PACIFIC ASSOCIATION is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601-2654). Defendant retaliated against Plaintiff violating 29 U.S. CODE § 2615 and 29 C.F.R § 825.220 which states in pertinent part:

    § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

    **(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

60. Plaintiff was entitled to FMLA leave. However, Defendant in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA maternity leave, and then continuing her job in her original position or in any equivalent position.

61. Defendant willfully and wantonly denied, or otherwise interfered and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

62. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

63. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JILLIAN LINARES respectfully requests that this Honorable Court will grant judgment:

A. Finding that ATLANTIC & PACIFIC ASSOCIATION'S actions toward Plaintiff to be violative of the Plaintiff's rights under the FMLA.

B. Awarding Plaintiff JILLIAN LINARES payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff JILLIAN LINARES demands trial by a jury of all issues triable as of right by jury.

DATED: May 27, 2020

                                                Respectfully submitted,

                                                By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*